[No. 16068.   Department Two.   January 14, 1921.]

THE CITY OF WALLA WALLA, *Respondent,* v.
A. M. JENSEN COMPANY et al., *Appellants.*[1]

PARTY WALLS (2)—RIGHTS AND LIABILITIES. Where a party wall is built by one owner, and the other merely has an option to use it on paying half of the cost, the wall belongs to the builder.

EMINENT DOMAIN (59)—COMPENSATION—CONTINGENT OR PROSPECTIVE CONSEQUENCES OR LOSSES—PARTY WALLS. Upon condemnation of land up to a party wall, which was owned by the builder, the other owner having merely an option to use it on paying half the cost, the builder's damage is a matter of speculation and conjecture, where there is nothing to show any intention to use and pay for the wall.

SAME (89, 127)—COMPENSATION—MEASURE AND AMOUNT—LIMITED ESTATES—VALUE OF PARTY WALL. Upon the condemnation of a lot up to the line of a party wall, built and owned by one of the parties, the measure of damages is the amount above the actual value that a purchaser, willing but not compelled to buy, would pay for either piece of property for any purpose by reason of a party wall agreement giving the owner of the land condemned the option to use the wall on paying half its cost.

[1]Reported in 194 Pac. 804.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 5, 1920, upon findings in favor of plaintiff, awarding damages for the condemnation of property, after trial on the merits to the court. Affirmed.

*Reynolds & Bond* and *Evans & Watson,* for appellants.

*H. B. Noland,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court awarding damages for property taken in a condemnation proceeding. The city of Walla Walla condemned a strip of land sixty feet wide for a street known as Colville street, across the property of Adolph Schwarz within the city. It appears that, in the year 1905, Mr. Schwarz entered into a contract with the Masonic Temple Association permitting that association to build a wall of brick and stone, one hundred and twenty feet in length, eighteen inches thick and two stories high, on the line between property then owned by each of the parties. This wall was placed nine inches on the property of each of the parties. The contract provided as follows:

"And whereas, the wall upon the easterly side of the said building, having been constructed at the sole expense of the party of the first part (Masonic Temple Association) upon its premises above described, and with the consent of said parties of the second part (Schwarz and wife) with the understanding that the said parties of the second part should have the right to the use of said wall at any time when they should erect a building upon their said premises upon payment of one-half of the value of that part of said wall which they might use in such construction and at the date of such construction:

"Now, therefore, it is . . . agreed . . . as follows:

"1. That the parties of the second part shall have the right to use all or any portion of the party wall constructed by the party of the first part in the building upon its premises herein described for the construction of a building upon the said premises of the parties of the second part, abutting upon and along said wall, upon payment to the party of the first part at the time of the commencement of such construction, of one-half of the value of that portion of said wall so used by the parties of the second part in such construction, the value of that part of said wall so used to be fixed as of the date of the commencement of such construction."

The street condemned by the city is located along this party wall, no part of which is taken. Sixty feet of Mr. Schwarz's property adjoining the wall is taken. The trial court found the value of the sixty feet taken to be $12,150 and that the damage to each of the parties to the wall agreement was one hundred dollars. This appeal is from that part of the award allowing one hundred dollars to the Masonic Temple Association and one hundred dollars to Mr. Schwarz.

At the trial, which was had upon stipulation to the court without a jury, the appellants offered evidence to the effect that, at that time, one-half the value of the wall was $3,162 to the Masonic Temple Association and that it would cost Mr. Schwarz to build a new wall of the same length and height $1,859. The appellants argue that the court erred in not finding the damages in accordance with these figures. It will be noticed that the party wall agreement provides that Mr. Schwarz shall have the right to use the whole or any portion of the wall upon payment of one-half the value of that portion of said wall so used, "the value of that part of said wall so used to be fixed as of the date of the commencement of such construction."

The wall was built and paid for by the Masonic

Temple Association more than fifteen years before this action was begun. No part of the wall has ever been used by Mr. Schwarz and there is no evidence in the record of any intention to use the wall or any part of it now or in the future. It is not claimed that he has ever used the wall or paid anything upon it. The wall, therefore, belongs exclusively to the builder. 30 Cyc. 787; 20 R. C. L. § 23, p. 1100.

No doubt the appellants Masonic Temple Association and Mr. Schwarz have some interest or property right in the party wall agreement, which right or interest will be taken away when the street is constructed, because then the street will abut upon the wall which cannot be used by any one except the Masonic Temple Association, thus preventing Mr. Schwarz from ever using the wall and the Masonic Temple Association from receiving anything for the value of the wall. By the terms of the contract, Mr. Schwarz is not bound to use the wall nor is any purchaser of his property. He has simply an option which he may or may not exercise at his discretion. The right of the Masonic Temple Association to receive anything is, therefore, a contingent right depending upon whether Mr. Schwarz or his assigns should ever desire to use the wall. The right is, therefore, a contingent right which may never have been accepted.

It is plain that one-half the value of the wall at this time is not the proper measure of damages, either to the Masonic Temple Association or to Mr. Schwarz, because the party wall is not now used as contemplated by the agreement and there is nothing in the record to indicate any immediate intention to use it, or that it ever will be used, even if the street were not to be constructed. Conceding that appellants are entitled to some damages, the amount is necessarily a matter of speculation and conjecture. In the case of *Hoffman*

*v. Dickson,* 47 Wash. 431, 92 Pac. 272, 93 Pac. 523, 125
Am. St. 907, 15 Ann. Cas. 173, where the owner of cer-
tain lots in Tacoma agreed to sell and convey by war-
ranty deed and the purchaser afterwards discovered
there was a lien by party wall agreement, the pur-
chaser sought to require the seller to remove the lien.
In that case, we said, at p. 437:

"Appellants insist that the cost of the walls should
have been ascertained by the court and the respond-
ents required to deposit one-half the amount thereof in
the registry of the court to await the time for pay-
ment. Such a course would have been inequitable and
impracticable. Respondents would have been required
to deposit their money and appellants or their gran-
tees might not for twenty years, and possibly never,
have used the wall. The money would thus have been
idle for an indefinite time. Moreover, the persons who
shall ultimately be entitled to receive the payment will
be entitled to be heard as to the amount when the same
shall be determined. He was not present before the
court, and even his identity could not then be known."

The lien in that case was afterwards defeated. See
*Hoffman v. Dickson,* 65 Wash. 556, 118 Pac. 737, Ann.
Cas. 1913 B 869, 39 L. R. A. (N. S.) 67.

So here, fifteen years have elapsed and the wall has
not been used by Mr. Schwarz. If the street is not
hereafter constructed, neither he nor his successors
may ever use the wall. The persons who shall ulti-
mately be entitled to use the wall will be entitled to be
heard as to the value at the time the wall is used. It
is apparent, therefore, that the value of the wall at this
time is not the measure of damages. We are of the
opinion that the true measure of damages in this case
is how much more than the actual value of the real
estate would a purchaser, willing but not compelled to
buy, pay for either piece of property for any purpose
by reason of the party wall agreement. There was no

evidence offered to that effect or upon which a guess might be made. The appellants relied upon the value at the present time which clearly was not the proper rule. The trial court evidently was of the opinion that the appellants were entitled to nominal damages and probably something more and for that reason assessed the damages at one hundred dollars. If this finding had been made by a jury after proper instructions, it is plain we would not disturb such finding. In view of the record that there is no showing of actual damages which are not a subject of speculation and conjecture, we are of the opinion the trial court was right.

The judgment is therefore affirmed.

HOLCOMB, MITCHELL, MAIN, and TOLMAN, JJ., concur.